Fraser A. McAlpine (State Bar No. 248554)
Conor J. Dale (State Bar No. 274123)
Nicole E. Forde (State Bar No. 289567)
JACKSON LEWIS P.C.
50 California Street, 9th Floor
San Francisco, California 94111-4615
Telephone: (415) 394-9400
Facsimile: (415) 394-9401
E-mail: fraser.mcalpine@jacksonlewis.com
E-mail: conor.dale@jacksonlewis.com
E-mail: nicole.forde@jacksonlewis.com

Attorneys for Defendants
CEVA LOGISTICS, LLC, CEVA FREIGHT, LLC
and RHONDA BATEMAN

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TAAME WELDEAB,<br><br>Plaintiff,<br><br>vs.<br><br>CEVA LOGISTICS, LLC; CEVA FREIGHT, LLC; RHONDA BATEMAN; and DOES 1 through 20, inclusive,<br><br>Defendants. | Case No.<br><br>**NOTICE OF REMOVAL OF ACTION TO FEDERAL COURT UNDER 28 U.S.C. §§ 1332 AND 1441(a)**<br><br>**[DIVERSITY JURISDICTION]**<br><br>Complaint Filed: 6/14/2018<br>Removal Filed: 8/30/2018 |

TO THE HONORABLE CLERK OF THE U.S. DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA, PLAINTIFF TAAME WELDEAB AND HIS ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that CEVA Logistics U.S., Inc. (improperly identified as CEVA Logistics, LLC), a Delaware corporation having its principal place of business in Houston, Texas[1], CEVA Freight, LLC, a limited liability company domiciled in Houston, Texas, and Rhonda Bateman, a resident and citizen of Ohio (collectively "Defendants"), hereby

[1] Plaintiff signed an Independent Contractor Agreement with CEVA Freight, LLC, and that entity is the proper defendant. CEVA Logistics U.S., Inc. joins in this removal petition but has no association with Plaintiff and is not a proper defendant. CEVA Freight, LLC and CEVA Logistics U.S., Inc. are unaware of any entity known as CEVA Logistics, LLC.

invoke this Court's jurisdiction under the provisions of 28 U.S.C. §§ 1332 and 1441(a) and remove the above-entitled action to this Court from the Superior Court of the State of California in and for the County of Alameda.

## I. PRELIMINARY STATEMENT OF JURISDICTION

1. This Court has original jurisdiction over this action under 28 U.S.C. § 1332(a), and this action is therefore one that may be removed to this Court by Defendant under 28 U.S.C. § 1441(a), in that it is a civil action between citizens of different states and the matter in controversy exceeds the sum of $75,000, exclusive of interests and costs.

## II. VENUE

2. Although Defendants reserve the right to move for a transfer of venue to the one most appropriate and convenient for all parties, they allege that venue lies in the United States District Court for the Northern District of California pursuant to 28 U.S.C. § 1441(a), which provides in pertinent part that "any civil action brought in State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." As stated above, Plaintiff brought this action in the Superior Court of the State of California in and for the County of Alameda. Thus, venue properly lies in the United States District Court for the Northern District of California under 28 U.S.C. §§ 84(b), 1391(a) and 1441(a).

## III. PLEADINGS

3. On or around June 14, 2018, Plaintiff Taame Weldeab ("Plaintiff") filed a civil complaint against Defendants in the Superior Court of the State of California in and for the County of Alameda ("Superior Court") entitled *Weldeab vs. CEVA Logistics, LLC, et al.*, Case No. RG18908799 ("Complaint"). Plaintiff's Complaint sets forth nine (9) causes of action, numbered as follows: (1) Failure to Pay Minimum Wage (Labor Code §§ 558.1, 1194, 1194.2, 1197, 1197.1); (2) Failure to Pay Overtime Wages (Labor Code §§ 510, 558.1, 1194, 1197, 1197.1, 1198); (3) Wrongful Collection and Receipt of Wages (Labor Code §§ 218, 218.5, 218.6, 221)(Against CEVA Defendants and Does 1-20); (4) Failure to Provide Accurate Itemized Wage

Statements (Labor Code §§ 226, 558.1); (5) Failure to Reimburse Expenses (Labor Code §§ 558.1, 2802); (6) Failure to Provide Rest Periods (Labor Code §§ 226.7, 558.1, 1198); (7) Failure to Provide Required Meal Periods (Labor Code §§ 226.7, 512, 558.1, 1198); (8) Failure to Pay All Wages Earned and Due At Separation (Labor Code §§ 201-203, 218, 218.5, 218.6, 558.1); and (9) Unfair Competition (Business & Professions Code § 17200, *et seq*.).

4. Plaintiff served the Summons and Complaint on July 31, 2018. Therefore, the time for Defendants to file a responsive pleading to Plaintiff's Complaint has not yet expired.

5. The Complaint did not state the precise amount of damages sought. A copy of the Summons, Complaint and other related court documents served on Defendants are attached as **Exhibit A**.

6. Defendants' Answer to Plaintiff's Complaint was filed in the Superior Court of the State of California in and for the County of Alameda on August 28, 2018. A true and correct copy of Defendants' Answer is attached as **Exhibit B**.

## IV. TIMELINESS OF REMOVAL

7. This Notice of Removal is timely under 28 U.S.C. § 1446(b) in that Defendants filed it within 30 days after July 31, 2018, which is the date it first received a paper, the Complaint, from which it may first be ascertained that the case is one which is or has become removable.

## V. DIVERSITY OF CITIZENSHIP

8. Plaintiff was, at the time of filing of the Complaint, and still is, a resident of the State of California. (Complaint ¶ 3).

9. Plaintiff alleges that Defendant CEVA Logistics, LLC is an entity incorporated under the laws of the State of California and that CEVA Logistics' corporate headquarters are in Houston, Texas. (Complaint ¶4). The correct name for CEVA Logistics is CEVA Logistics U.S., Inc. CEVA Logistics U.S., Inc. is a Delaware Corporation with its corporate headquarters, and thus its principal place of business in Houston, Texas.

10. For diversity purposes, a corporation is considered a citizen of any state by which it is incorporated and of the state where it has its principal place of business. (28 U.S.C.

§ 1332(c)(1)). The Supreme Court adopted the "nerve-center" test to determine in which state a corporation has its principal place of business. (*Hertz Corp v. Friend* (2010) 559 U.S. 77, 130 S. Ct. 1181, 1192. In applying the nerve center test the Ninth Circuit Court of Appeals has observed "the nerve center test focuses on where the enterprise's decisions are made, as opposed to carried out, and thus centers on the 'brains' of an enterprise, not the 'brawn." (*See United States v. Chao Fan Xu* 706 F.3d 965, 976 (9th Cir. 2012) (holding the nerve center will usually be the state where the corporation has its headquarters)). Accordingly, because CEVA Logistics U.S., Inc. is Delaware corporation with its corporate headquarters, and thus its principal place of business in Texas, CEVA Logistics U.S., Inc. is not a citizen of California.

11. Plaintiff alleges that Defendant CEVA Freight, LLC is an entity incorporated under the laws of the State of Delaware and that CEVA Freight's corporate headquarters are in Houston, Texas. (Complaint ¶5). CEVA Freight, LLC, is a limited liability company established pursuant to the laws of Delaware. The sole member of CEVA Freight LLC is EGL, Inc. EGL, Inc. is a Texas corporation; that is organized pursuant to the laws of the State of Texas. EGL ceased operations under its own name in August 2007, but maintains a corporate headquarters and principal place of business in Houston, Texas. Furthermore, Houston, Texas is EGL, Inc.'s principal place of business where the corporation's high-level officers direct, control and coordinate CEVA's operations.

12. For purposes of diversity jurisdiction, a limited liability company is a citizen of any state of which a member of the company is a citizen. Because the only member of CEVA Freight, LLC is a Delaware Corporation with its corporate headquarters, and thus its principal place of business in Houston, Texas, CEVA Freight, LLC is not a citizen of California.

13. Rhonda Bateman is a resident and a citizen of Ohio. Rhonda Bateman is not a citizen of California.

14. The only other defendants named in Plaintiffs' Complaint are fictitious parties identified as "DOES 1 through 10," whose citizenship shall be disregarded for the purpose of removal. (28 U.S.C. § 1441(a)). Thus, there are no other defendants to join in the removal of this action.

15. Therefore, the diversity element of § 1332 removal is satisfied because Plaintiff is a citizen of California, whereas none of the Defendants is a citizen of California. Accordingly, there is "complete diversity."

16. All three Defendants join in this Notice for Removal. The only other defendants named in Plaintiff's Complaint are fictitious parties identified as "DOES 1 through 20." Those fictitious parties should be disregarded for the purpose of the requirement that all defendants join in the Notice of Removal. Thus, there are no other defendants to join in the removal of this action.

**VI. <u>AMOUNT IN CONTROVERSY</u>**

17. Without conceding that Plaintiff is entitled to damages or can recover damages in any amount whatsoever, the amount in controversy in this action exceeds $75,000 exclusive of interest and costs. 28 U.S.C. §1332(a). Plaintiff's Complaint does not specify an amount in controversy, and only states Plaintiff seeks actual, consequential, compensatory and general damages, in addition to other damages. *See* Ex. A., Complaint, Prayer for Relief at p. 18. Where a plaintiff's state court complaint is silent as to the amount of damages claimed, the United States Supreme Court has held "a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold," but the statement need not contain evidentiary submissions. *See Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 2014 ____ (2014). If plaintiff contests a defendant's allegations, defendant need only demonstrate by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional threshold. *See id* at *12. *See also Sanchez v. Monumental Life Ins. Co.*, 95 F.3d 856, 860-861 (9th Cir. 1996); *Williams v. Best Buy Co., Inc.*, 269 F.3d 1316, 1319 (11th Cir. 2001) (courts may consider factual statements in defendant's notice of removal in assessing removal jurisdiction).

18. In determining whether the amount in controversy exceeds $75,000.00 exclusive of interest and costs, the Court must presume the plaintiff will prevail on each and every one of his claims. (*Kenneth Rothschild Trust v. Morgan Stanley Dean Witter*, 199 F.Supp.2d 993, 1001 (C.D. Cal. 2002), citing *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1096 (11th Cir. 1994) (the

amount in controversy analysis presumes that "plaintiff prevails on liability") and *Angus v. Shiley Inc.*, 989 F.2d 142, 146 (3d Cir. 1993) ("the amount in controversy is not measured by the low end of an open-ended claim, but rather by reasonable reading of the value of the rights being litigated")).

19.     Defendants deny the validity and merit of the entirety of Plaintiff's alleged claims, the legal theories upon which they are ostensibly based, and the alleged claims for monetary and other relief that flow therefrom. For purposes of removal only, however, and without conceding that Plaintiff is entitled to any damages or penalties whatsoever, the aggregated claims of the Plaintiff establish, by a preponderance of the evidence, that the amount in controversy exceeds the jurisdictional minimum of $75,000.

20.     Without regard to damages sought for minimum wage compensation, meal and rest period compensation, and without regard to penalties, interest, and attorneys' fees and costs, Plaintiff's claims for expense reimbursement and unlawful deductions *without more* exceed the $75,000 amount-in-controversy minimum to grant this Court jurisdiction under 28 U.S.C. § 1332.

21.     Pursuant to the agreement between Plaintiff and CEVA Freight, LLC, Plaintiff agreed to pay the expenses associated with his business.  Plaintiff now seeks to disregard that agreement, and claims that notwithstanding the agreement, CEVA Freight, LLC should cover his expenses.  Based on Defendants' knowledge of the amount of expenses associated with Plaintiff's business (including fuel, maintenance, and insurance), Defendant alleges that the amount that Plaintiff seeks to recover under Labor Code §§ 221 & 2802 for the relevant period for such claims without regard to other claims, exceeds $75,000 exclusive of interest and costs.

22.     Based on the foregoing and, without even considering the amounts placed in controversy by Plaintiff's First, Second, Fourth, Sixth, Seventh, Eighth, and Ninth Causes of Action, the total potential recovery for Plaintiff on the reimbursement and deduction claims brought under Labor Code §§ 221 & 2802 exceeds $75,000 exclusive of interests and costs.

## VII.  <u>CONSENT TO REMOVAL</u>

23.     All named defendants in this action consent to this removal.

///

WHEREFORE, Defendants pray that the above action now pending against it in the Superior Court of the State of California for the County of Alameda be removed to this Court.

Dated: August 30, 2018

JACKSON LEWIS P.C.

By: /s/ Fraser A. McAlpine
Fraser A. McAlpine
Conor J. Dale
Nicole E. Forde
Attorneys for Defendants
CEVA LOGISTICS, LLC, CEVA FREIGHT, LLC and RHONDA BATEMAN

4830-6449-1377, v. 1

7

Notice of Removal of Action to Federal Court
Under 28 U.S.C. §§ 1332 and 1441(a) [Diversity Jurisdiction]

Case No. TBA

# EXHIBIT A

CM-010

ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address):
Shannon Seibert (SBN 240317), Joe Bautista (SBN 255708)
Seibert Bautista Montoya
2100 Embarcadero, Suite 203
Oakland, CA 94606
TELEPHONE NO.: 510.679.1981 FAX NO.: 510.679.1982
ATTORNEY FOR (Name): Taame Waldeab

FOR COURT USE ONLY

ENDORSED FILED ALAMEDA COUNTY
JUN 14 2018
CLERK OF THE SUPERIOR COURT
Anita Dhir

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Alameda
STREET ADDRESS: 1225 Fallon Street
MAILING ADDRESS:
CITY AND ZIP CODE: Oakland, CA 94612
BRANCH NAME: Rene C. Davidson Courthouse

CASE NAME:
Waldeab v. CEVA Logistics, LLC, et al.

## CIVIL CASE COVER SHEET

[✓] Unlimited (Amount demanded exceeds $25,000)
[ ] Limited (Amount demanded is $25,000 or less)

**Complex Case Designation**
[ ] Counter [ ] Joinder
Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402)

CASE NUMBER: RG18908799
JUDGE:
DEPT:

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)

**Employment**
[ ] Wrongful termination (36)
[✓] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)

**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)

**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)

**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
[ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition *(not specified above)* (43)

2. This case [ ] is [✓] is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [ ] Substantial amount of documentary evidence
   d. [ ] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision
3. Remedies sought *(check all that apply)*: a. [✓] monetary b. [✓] nonmonetary; declaratory or injunctive relief c. [ ] punitive
4. Number of causes of action *(specify)*: Nine
5. This case [ ] is [✓] is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: June 14, 2018
Shannon Seibert
(TYPE OR PRINT NAME)

▶ [signature]
(SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**

- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on **all** other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

CIVIL CASE COVER SHEET

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courtinfo.ca.gov

American LegalNet, Inc.

CM-010

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
- Auto (22)–Personal Injury/Property Damage/Wrongful Death
- Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
- Asbestos (04)
  - Asbestos Property Damage
  - Asbestos Personal Injury/ Wrongful Death
- Product Liability *(not asbestos or toxic/environmental)* (24)
- Medical Malpractice (45)
  - Medical Malpractice– Physicians & Surgeons
  - Other Professional Health Care Malpractice
- Other PI/PD/WD (23)
  - Premises Liability (e.g., slip and fall)
  - Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
  - Intentional Infliction of Emotional Distress
  - Negligent Infliction of Emotional Distress
  - Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
- Business Tort/Unfair Business Practice (07)
- Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
- Defamation (e.g., slander, libel) (13)
- Fraud (16)
- Intellectual Property (19)
- Professional Negligence (25)
  - Legal Malpractice
  - Other Professional Malpractice *(not medical or legal)*
- Other Non-PI/PD/WD Tort (35)

**Employment**
- Wrongful Termination (36)
- Other Employment (15)

**Contract**
- Breach of Contract/Warranty (06)
  - Breach of Rental/Lease
    - Contract *(not unlawful detainer or wrongful eviction)*
  - Contract/Warranty Breach–Seller Plaintiff *(not fraud or negligence)*
  - Negligent Breach of Contract/ Warranty
  - Other Breach of Contract/Warranty
- Collections (e.g., money owed, open book accounts) (09)
  - Collection Case–Seller Plaintiff
  - Other Promissory Note/Collections Case
- Insurance Coverage *(not provisionally complex)* (18)
  - Auto Subrogation
  - Other Coverage
- Other Contract (37)
  - Contractual Fraud
  - Other Contract Dispute

**Real Property**
- Eminent Domain/Inverse Condemnation (14)
- Wrongful Eviction (33)
- Other Real Property (e.g., quiet title) (26)
  - Writ of Possession of Real Property
  - Mortgage Foreclosure
  - Quiet Title
  - Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**
- Commercial (31)
- Residential (32)
- Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
- Asset Forfeiture (05)
- Petition Re: Arbitration Award (11)
- Writ of Mandate (02)
  - Writ–Administrative Mandamus
  - Writ–Mandamus on Limited Court Case Matter
  - Writ–Other Limited Court Case Review
- Other Judicial Review (39)
  - Review of Health Officer Order
  - Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
- Antitrust/Trade Regulation (03)
- Construction Defect (10)
- Claims Involving Mass Tort (40)
- Securities Litigation (28)
- Environmental/Toxic Tort (30)
- Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
- Enforcement of Judgment (20)
  - Abstract of Judgment (Out of County)
  - Confession of Judgment *(non-domestic relations)*
  - Sister State Judgment
  - Administrative Agency Award *(not unpaid taxes)*
  - Petition/Certification of Entry of Judgment on Unpaid Taxes
  - Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
- RICO (27)
- Other Complaint *(not specified above)* (42)
  - Declaratory Relief Only
  - Injunctive Relief Only *(non-harassment)*
  - Mechanics Lien
  - Other Commercial Complaint Case *(non-tort/non-complex)*
  - Other Civil Complaint *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
- Partnership and Corporate Governance (21)
- Other Petition *(not specified above)* (43)
  - Civil Harassment
  - Workplace Violence
  - Elder/Dependent Adult Abuse
  - Election Contest
  - Petition for Name Change
  - Petition for Relief From Late Claim
  - Other Civil Petition

F. ADDENDUM TO CIVIL CASE COVER SHEET

| Short Title: Weldeab v. CEVA Logistics, LLC, et al. | Case Number: RG18908799 |
|---|---|

## CIVIL CASE COVER SHEET ADDENDUM

**THIS FORM IS REQUIRED IN ALL NEW UNLIMITED CIVIL CASE FILINGS IN THE SUPERIOR COURT OF CALIFORNIA, COUNTY OF ALAMEDA**

[X] Oakland, Rene C. Davidson Alameda County Courthouse (446)
[ ] Hayward Hall of Justice (447)
[ ] Pleasanton, Gale-Schenone Hall of Justice (448)

| Civil Case Cover Sheet Category | Civil Case Cover Sheet Case Type | Alameda County Case Type (check only one) |
|---|---|---|
| Auto Tort | Auto tort (22) | [ ] 34 Auto tort (G)<br>**Is this an uninsured motorist case? [ ] yes [ ] no** |
| Other PI /PD / WD Tort | Asbestos (04) | [ ] 75 Asbestos (D) |
| | Product liability (24) | [ ] 89 Product liability (not asbestos or toxic tort/environmental) (G) |
| | Medical malpractice (45) | [ ] 97 Medical malpractice (G) |
| | Other PI/PD/WD tort (23) | [ ] 33 Other PI/PD/WD tort (G) |
| Non - PI /PD / WD Tort | Bus tort / unfair bus. practice (07) | [ ] 79 Bus tort / unfair bus. practice (G) |
| | Civil rights (08) | [ ] 80 Civil rights (G) |
| | Defamation (13) | [ ] 84 Defamation (G) |
| | Fraud (16) | [ ] 24 Fraud (G) |
| | Intellectual property (19) | [ ] 87 Intellectual property (G) |
| | Professional negligence (25) | [ ] 59 Professional negligence - non-medical (G) |
| | Other non-PI/PD/WD tort (35) | [ ] 03 Other non-PI/PD/WD tort (G) |
| Employment | Wrongful termination (36) | [ ] 38 Wrongful termination (G) |
| | Other employment (15) | [X] 85 Other employment (G) |
| | | [ ] 53 Labor comm award confirmation |
| | | [ ] 54 Notice of appeal - L.C.A. |
| Contract | Breach contract / Wrnty (06) | [ ] 04 Breach contract / Wrnty (G) |
| | Collections (09) | [ ] 81 Collections (G) |
| | Insurance coverage (18) | [ ] 86 Ins. coverage - non-complex (G) |
| | Other contract (37) | [ ] 98 Other contract (G) |
| Real Property | Eminent domain / Inv Cdm (14) | [ ] 18 Eminent domain / Inv Cdm (G) |
| | Wrongful eviction (33) | [ ] 17 Wrongful eviction (G) |
| | Other real property (26) | [ ] 36 Other real property (G) |
| Unlawful Detainer | Commercial (31) | [ ] 94 Unlawful Detainer - commercial |
| | Residential (32) | [ ] 47 Unlawful Detainer - residential |
| | Drugs (38) | [ ] 21 Unlawful detainer - drugs<br>**Is the deft. in possession of the property? [ ] Yes [ ] No** |
| Judicial Review | Asset forfeiture (05) | [ ] 41 Asset forfeiture |
| | Petition re: arbitration award (11) | [ ] 62 Pet. re: arbitration award |
| | Writ of Mandate (02) | [ ] 49 Writ of mandate<br>**Is this a CEQA action (Publ.Res.Code section 21000 et seq) [ ] Yes [ ] No** |
| | Other judicial review (39) | [ ] 64 Other judicial review |
| Provisionally Complex | Antitrust / Trade regulation (03) | [ ] 77 Antitrust / Trade regulation |
| | Construction defect (10) | [ ] 82 Construction defect |
| | Claims involving mass tort (40) | [ ] 78 Claims involving mass tort |
| | Securities litigation (28) | [ ] 91 Securities litigation |
| | Toxic tort / Environmental (30) | [ ] 93 Toxic tort / Environmental |
| | Ins covrg from cmplx case type (41) | [ ] 95 Ins covrg from complex case type |
| Enforcement of Judgment | Enforcement of judgment (20) | [ ] 19 Enforcement of judgment |
| | | [ ] 08 Confession of judgment |
| Misc Complaint | RICO (27) | [ ] 90 RICO (G) |
| | Partnership / Corp. governance (21) | [ ] 88 Partnership / Corp. governance (G) |
| | Other complaint (42) | [ ] 68 All other complaints (G) |
| Misc. Civil Petition | Other petition (43) | [ ] 06 Change of name |
| | | [ ] 69 Other petition |

SUM-100

# SUMMONS
## (CITACION JUDICIAL)

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

ENDORSED
FILED
ALAMEDA COUNTY

JUN 1 4 2018

CLERK OF THE SUPERIOR COURT

**NOTICE TO DEFENDANT:**
***(AVISO AL DEMANDADO):***

CEVA LOGISTICS, LLC; CEV FREIGHT, LLC; RHONDA BATEMAN; and DOES 1 through 20, inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
***(LO ESTÁ DEMANDANDO EL DEMANDANTE):***

TAAME WELDEAB

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

***¡AVISO!*** *Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (*www.sucorte.ca.gov*), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (*www.lawhelpcalifornia.org*), en el Centro de Ayuda de las Cortes de California, (*www.sucorte.ca.gov*) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):* Rene C. Davidson Courthouse
1225 Fallon Street
Oakland, CA 94612

CASE NUMBER: *(Número del Caso):* RG18 908199

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Shannon Seibert, Seibert Bautista Montoya, 2100 Embarcadero, Ste 203, Oakland, CA 94606, (510) 679-1981

DATE: *(Fecha)* JUN 1 4 2018 Chad Finke Clerk, by *(Secretario)* Anita Dhir, Deputy *(Adjunto)*

*(For proof of service of this summons, use* Proof of Service of Summons *(form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario* Proof of Service of Summons, *(POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify)*:
3. ☐ on behalf of *(specify)*:

   under:
   - ☐ CCP 416.10 (corporation)
   - ☐ CCP 416.20 (defunct corporation)
   - ☐ CCP 416.40 (association or partnership)
   - ☐ CCP 416.60 (minor)
   - ☐ CCP 416.70 (conservatee)
   - ☐ CCP 416.90 (authorized person)
   - ☐ other *(specify)*:
4. ☐ by personal delivery on *(date)*:

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
*www.courtinfo.ca.gov*

ENDORSED
FILED
ALAMEDA COUNTY
JUN 1 4 2018
CLERK OF THE SUPERIOR COURT
Anita Dhir

Shannon Seibert (State Bar No. 240317)
Joe Bautista (State Bar No. 255708)
Nina Montoya (State Bar No. 237419)
SEIBERT • BAUTISTA • MONTOYA
2100 Embarcadero, Suite 203
Oakland, CA 94606
Telephone: 510.679.1981
Facsimile: 510.679.1982

Attorneys for Plaintiff TAAME WELDEAB

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF ALAMEDA – UNLIMITED JURISDICTION

| | |
|---|---|
| TAAME WELDEAB,<br><br>Plaintiff,<br><br>vs.<br><br>CEVA LOGISTICS, LLC; CEVA FREIGHT, LLC; RHONDA BATEMAN; and DOES 1 through 20, inclusive,<br><br>Defendants. | CASE NO.: RG18 908799<br><br>**COMPLAINT FOR:**<br><br>**(1) FAILURE TO PAY MINIMUM AND OVERTIME WAGES**<br><br>**(2) WRONGFUL COLLECTION AND RECEIPT OF WAGES**<br><br>**(3) FAILURE TO PROVIDE WAGE STATEMENTS**<br><br>**(4) FAILURE TO REIMBURSE EXPENSES**<br><br>**(5) FAILURE TO PROVIDE MEAL AND REST PERIODS**<br><br>**(6) FAILURE TO PAY WAGES AT SEPARATION**<br><br>**(7) UNFAIR COMPETITION**<br><br>**JURY TRIAL DEMANDED** |

Plaintiff TAAME WELDEAB complains against Defendants, and each of them, demands a trial by jury of all issues and for all causes of action for which he is entitled, and hereby alleges as follows:

**INTRODUCTION**

1. This is an action for violations of California's wage-and-hour laws and of California law prohibiting unfair, illegal, and unethical business practices.

2. Defendants CEVA LOGISTICS, LLC, CEVA FREIGHT, LLC, RHONDA BATEMAN, and DOES 1 through 20, inclusive are liable for: (1) failing to pay minimum wages for all hours worked (Labor Code §§ 1194, 1194.2, 1197, 1197.1; Wage Order No. 9-2001); (2) failing to pay overtime wages for all overtime hours worked (Labor Code §§ 510, 1194, 1197, 1197.1, 1198; Wage Order No. 9-2001); (3) wrongfully collecting and receiving wages (Labor Code § 221); (4) failing to provide accurate wage statements (Labor Code § 226); (5) failing to reimburse expenses incurred in the course of performing duties and deducting amounts from Plaintiff's wages for breakage (Labor Code § 2802; Wage Order No. 9-2001); (6) failing to provide legally mandated meal periods (Labor Code §§ 226.7, 512, 1198; Wage Order No. 9-2001); (7) failing to provide legally mandated rest periods (Labor Code §§ 226.7, 1198; Wage Order No. 9-2001); (8) failing to pay all wages earned and due at separation (Labor Code §§ 201, 202, 203); and (9) engaging in unfair and unlawful business practices (Bus. & Prof. Code § 17200, *et seq.*).

**PARTIES**

3. Plaintiff TAAME WELDEAB ("Plaintiff") is a California resident who has at all times relevant to this action lived and worked in the County of Alameda. Plaintiff was employed as a delivery driver by Defendants from early 2011 through April 2018.

4. Defendant CEVA LOGISTICS, LLC ("CEVA LOGISTICS") is a limited liability company formed under California law that conducts business in the State of California.

5. Defendant CEVA FREIGHT, LLC ("CEVA FREIGHT") is a limited liability company organized under Delaware law and registered to do business as a foreign company in the State of California.

////

6. Defendants CEVA LOGISTICS and CEVA FREIGHT are collectively referred to herein as "CEVA Defendants."

7. Defendant RHONDA BATEMAN ("BATEMAN") is an Ohio resident who is a director of CEVA Defendants. She is CEVA Defendants' Director of Independent Contractor Relations.

8. Plaintiff is unaware of the identity of those defendants sued as DOES 1 through 20, inclusive, and they are therefore sued under those fictitious names. Plaintiff is informed and believes, and thereon alleges, that he is entitled to the relief requested in this complaint from these Doe defendants and will seek leave of this Court to amend this complaint to reflect these defendants' true names and identities when ascertained.

9. The defendants named herein, including the Doe defendants, are collectively referred to as "Defendants."

10. Plaintiff is informed and believes and thereon alleges that each of the defendants named herein was the agent, employee or representative of each of the remaining defendants and in doing the things mentioned herein, was acting in the course and scope of such agency and employment. Plaintiff further alleges that in doing the acts or omissions complained of herein, Defendants, and each of them, acted or omitted to act in concert as agents of and/or on behalf of the other defendants named herein.

**JURISDICTION AND VENUE**

11. This Court has personal jurisdiction over Defendants, and each of them, pursuant to Article 6, § 10 of the California Constitution. The amount in controversy in this action exceeds the minimal jurisdictional dollar amount for this Court of unlimited jurisdiction.

12. Jurisdiction is proper before the Superior Court of California because no violation of federal law has been alleged and one or more defendants are California residents.

13. Venue is proper in this Court pursuant to Code Civ. Proc. §§ 395 and 395.5 because Plaintiff was employed in Alameda County, Defendants conduct and conducted substantial business in Alameda County, and the acts or failures to act described herein occurred in Alameda County.

////

## INCORPORATION OF ALLEGATIONS

14. All of the allegations in this Complaint are hereby incorporated into each cause of action to the extent necessary or useful to clarify and complete each stated cause of action, to avoid repetition and redundancy.

## GENERAL ALLEGATIONS

15. Defendants operate an international shipping and delivery company that maintains nine distribution centers in California. Plaintiff worked for Defendants from early 2011 through April 2018 as a delivery driver based out of Defendants' Hayward, California warehouse.

16. Upon being hired, Plaintiff was required to complete training and orientation by Defendants and was required to pass a background check. As a condition of being hired and of continued employment, Plaintiff was also required to pass a drug test administered by a physician designated by Defendants at least once per year.

17. Plaintiff was required to report to work at Defendants' Hayward warehouse at the beginning of each workday at a time designated by Defendants. After reporting to work, Plaintiff was given access to his truck – which he owned but was stored on Defendants' property as required by Defendants – and received his delivery assignments for the day, which were along a route and in a geographic territory determined by Defendants.

18. Throughout the course of each workday, Defendants tracked Plaintiff's progress along his delivery route, and Plaintiff was required to provide regular status reports to Defendants, including the time each delivery was made and the name of the person who signed for the delivery.

19. Throughout each workday, Defendants' dispatchers regularly contacted Plaintiff to make changes to his assignment or give him additional assignments. Plaintiff was required to follow all of the dispatcher's instructions throughout the workday. Plaintiff understood that if he failed or refused to follow the dispatcher's directions, Defendants would terminate his employment.

20. At the end of every workday, Plaintiff was required to return to Defendants' warehouse in Hayward, California. Upon returning, Plaintiff completed the daily paperwork logging his deliveries required by Defendants and turned his truck in for inspection and cleaning.

////

////

21. Throughout his employment, Defendants regularly failed to reimburse Plaintiff for expenses he incurred in the course of performing his duties and improperly passed many of its costs of doing business on to Plaintiff.

22. Plaintiff was required by Defendants to purchase the truck that was used to make deliveries. Though the truck was owned by Plaintiff, Defendants required him to store his truck on their property in Hayward, California at all times the truck was not being used for making deliveries to Defendants' customers. Defendants required that the truck be painted with Defendants' company colors and distinctive logo. Defendants paid for only one-half of the costs of painting and affixing decals to Plaintiff's truck.

23. Plaintiff was also required to obtain and pay for comprehensive insurance for the truck. Plaintiff was not permitted to choose the insurance company that would issue the policy but, instead, was required to purchase insurance through a company designated by Defendants.

24. Defendants required that Plaintiff's truck be washed once per week by Defendants' agents. Defendants charged Plaintiff a weekly fee for this "fleetwash service."

25. Plaintiff was required by Defendants to purchase a cellphone and enter into a service contract through Defendants' corporate account. Though the account was maintained in Defendants' name, Plaintiff was required to pay the monthly service and usage fees for the cellphone.

26. Plaintiff was required to purchase uniforms with Defendants' embroidered logo from Defendants. After purchasing the uniforms, Plaintiff was charged a weekly "marketing fee" for Defendants' washing of the uniforms.

27. Plaintiff was required to purchase the fuel used to make deliveries to Defendants' customers. Though Defendants charged the customers a "fuel surcharge," the surcharge was less than the amount Plaintiff spent on fuel for each delivery, and Defendants provided Plaintiff with only 60 percent of the surcharge received from each customer.

28. If any of Defendant's customers claimed an item was damaged after Plaintiff had delivered the item, Plaintiff was required to pay Defendants up to $1,000.00 for each damaged item.

29. Defendants regularly deducted from Plaintiff's wages amounts Defendants claimed were owed by Plaintiff based on secret criteria that Defendants refused to share with Plaintiff.

////

30. Defendants also deducted $100.00 from many of Plaintiff's paychecks for the purpose of holding the money in an "escrow fund" to ensure Plaintiff paid Defendants all amounts Defendants claimed were owed to them. Each time the "escrow fund" fell below $1,000.00 as a result of Defendants having deducted money from the account, Plaintiff's wages were docked an additional $100.00 per pay period until the fund was replenished.

31. As a driver, Plaintiff regularly worked more than eight (8) hours each workday and more than 40 hours each workweek. Throughout his employment, Plaintiff was never paid at the legal overtime rate of one and one-half time his regular hourly rate for hours he worked in excess of eight (8) in one day or for hours he worked in excess of 40 in one week.

32. Throughout his employment, Plaintiff was not paid for any of the time he spent driving to or from Defendants' warehouse, driving between delivery points on his designated route, or performing administrative and/or maintenance tasks at the warehouse or in the field.

33. Defendants failed and refused to track the hours worked by Plaintiff and failed to provide Plaintiff an accounting of the hours and days he worked. Each and every pay period throughout Plaintiff's employment, Plaintiff's paychecks omitted the hours he worked, misstated the gross and net wages he earned, and concealed amounts deducted from his wages.

34. Throughout Plaintiff's employment, Defendants regularly prevented or prohibited him from taking a 10-minute, paid rest period for each four (4) hours he worked. Plaintiff was paid only for the deliveries he made and was not paid for any time during which he was not making a delivery. This payment arrangement and Defendants' requirements made it impossible for Plaintiff to take a 10-minute, paid rest period for each four (4) hours he worked.

35. Defendants did not pay Plaintiff one hour of premium wages for the days in which he was denied a 10-minute paid rest period during each period of four (4) hours he worked.

36. Throughout Plaintiff's employment, Defendants regularly prevented or prohibited him from taking a 30-minute, uninterrupted meal period for each five (5) hours he worked. Plaintiff was required to meet a demanding delivery schedule that did not allow for a 30-minute, uninterrupted period to eat lunch within the first five (5) hours of his shift.

////

////

37. Defendants did not pay Plaintiff one hour of premium wages for the days in which he was denied the opportunity to take an uninterrupted 30-minute meal period during shifts of five (5) hours or longer.

**FIRST CAUSE OF ACTION**
**FAILURE TO PAY MINIMUM WAGE**
(Lab. Code §§ 558.1, 1194, 1194.2, 1197, 1197.1; Wage Order No. 9-2001)
(Against all Defendants)

38. Pursuant to California Labor Code § 1197, payment of less than the minimum wage fixed by the Industrial Welfare Commission is unlawful. Employers that provide freight and delivery services must comply with Wage Order No. 9-2001.

39. Pursuant to California Labor Code § 1194 and Wage Order No. 9-2001, Plaintiff is entitled to recover the balance of unpaid minimum wages, including interest thereon, reasonable attorneys' fees, and costs of suit.

40. Pursuant to California Labor Code § 1194.2, Plaintiff is entitled to recover liquidated damages in an amount equal to the unpaid minimum wages and interest thereon.

41. Pursuant to California Labor Code § 1197.1, Plaintiff is entitled to recover statutory penalties and restitution of wages owed to him by Defendants.

42. Plaintiff was a non-exempt employee entitled to the protections of California Labor Code §§ 1194, 1194.2, 1197, 1197.1, and Wage Order No. 9-2001.

43. During the course of Plaintiff's employment, Defendants failed to pay the minimum wage by failing to pay Plaintiff for all hours worked, including the time he spent driving to or from Defendants' warehouse, driving between delivery points on his designated route, or performing administrative and/or maintenance tasks at the warehouse or in the field.

44. Plaintiff is informed and believes and based thereon alleges that Defendants knowingly and willfully refused to perform their obligations to pay the minimum wage to Plaintiff.

45. As a direct, foreseeable and proximate result of Defendants' knowing and willful failure to pay minimum wages, Plaintiff suffered substantial losses related to the use and enjoyment of the wages, lost interest on such wages, and incurred and will incur expenses and attorneys' fees in seeking to compel Defendants to perform their obligations under state law, all to his damage in amounts according to proof at the time of trial.

46. Plaintiff is thus entitled to recover all minimum wages earned and unpaid, liquidated damages, restitution of wages, interest, attorneys' fees, and costs of suit in amounts according to proof at the time of trial and by the Court following trial.

WHEREFORE, Plaintiff prays for relief as set forth herein.

**SECOND CAUSE OF ACTION**
**FAILURE TO PAY OVERTIME WAGES**
(Lab. Code §§ 510, 558.1, 1194, 1197, 1197.1, 1198; Wage Order No. 9-2001)
(Against all Defendants)

47. Pursuant to California Labor Code § 1198, employment of any employee for longer hours than those fixed by the Industrial Wage Commission is unlawful. Employers that provide freight and delivery services must comply with Wage Order No. 9-2001.

48. Pursuant to California Labor Code § 510 and Wage Order No. 9-2001, Defendants were required to compensate Plaintiff for all overtime hours worked at the rate of one and one-half (1½) times the regular hourly wage for hours worked in excess of eight (8) hours per day and/or forty (40) hours per week.

49. Pursuant to California Labor Code § 1194, Plaintiff is entitled to recover the balance of all unpaid overtime wages, including interest thereon, reasonable attorneys' fees, and costs of suit.

50. Pursuant to California Labor Code § 1197.1, Plaintiff is entitled to restitution of all unpaid overtime wages owed to them by Defendants.

51. Plaintiff was a non-exempt employee entitled to the protections of California Labor Code §§ 510, 1194, 1197.1, 1198, and Wage Order No. 9-2001.

52. During the course of Plaintiff's employment, Defendants knowingly and willfully failed to compensate Plaintiff for overtime hours worked by failing to pay for all time worked beyond eight (8) hours in one day and forty (40) hours in one week. Plaintiff was paid at his regular rate of pay only for the time spent delivering items during overtime hours and was not paid anything for the time spent driving to or from Defendants' warehouse, driving between delivery points on his designated route, or performing administrative and/or maintenance tasks at the warehouse or in the field.

53. As a direct, foreseeable and proximate result of Defendants' failure to pay overtime wages, Plaintiff suffered substantial losses related to the use and enjoyment of such wages, lost interest on such wages, and incurred and will incur expenses and attorneys' fees in seeking to compel Defendants to perform their obligations under state law, all to his damage in amounts according to proof at the time of trial.

54. Plaintiff is thus entitled to recover all overtime wages earned and unpaid, interest, attorneys' fees, and costs of suit in amounts according to proof at the time of trial and by the Court following trial.

WHEREFORE, Plaintiff prays for relief as set forth herein.

**THIRD CAUSE OF ACTION**
**WRONGFUL COLLECTION AND RECEIPT OF WAGES**
(Lab. Code §§ 221, 218, 218.5, 218.6)
(Against CEVA Defendants and DOES 1 - 20)

55. Pursuant to California Labor Code § 221, it is unlawful for any employer to collect or receive from an employee any part of wages theretofore paid by the employer to the employee.

56. Pursuant to California Labor Code § 218, employees may directly seek wages and penalties owed to them through a civil action.

57. Pursuant to California Labor Code §§ 218.5 and 218.6, employees are entitled to interest on all due and unpaid wages as well as reasonable attorneys' fees and costs of suit incurred in an action seeking unpaid wages.

58. By collecting $100.00 from each paycheck when Plaintiff's "escrow account" fell below $1,000.00, Defendants unlawfully collected and received a portion of Plaintiff's wages.

59. By charging Plaintiff up to $1,000.00 per item for any damage caused to the items delivered by Plaintiff, Defendants unlawfully collected and received a portion of Plaintiff's wages.

60. As a direct, foreseeable and proximate result of Defendants' unlawful collection and receipt of Plaintiff's wages, Plaintiff suffered substantial losses related to the use and enjoyment of such wages, lost interest on such wages, and incurred and will incur expenses and attorneys' fees in seeking to compel Defendants to perform their obligations under state law, all to his damage in amounts according to proof at the time of trial.

61. Plaintiff is thus entitled to recover all unpaid wages, interest, attorneys' fees, and costs of suit in amounts according to proof at the time of trial and by the Court following trial.

WHEREFORE, Plaintiff prays for relief as set forth herein.

**FOURTH CAUSE OF ACTION**
**FAILURE TO PROVIDE ACCURATE ITEMIZED WAGE STATEMENTS**
(Lab. Code §§ 226, 558.1)
(Against all Defendants)

62. Pursuant to California Labor Code § 226, an employer must furnish each employee with an accurate itemized statement in writing showing: (1) gross wages earned, (2) total hours worked for all non-exempt employees, (3) the number of piece-rate units earned and any applicable piece rates, (4) all deductions made from the employee's paycheck, (5) net wages earned, (6) the inclusive dates of the period for which the employee is paid, (7) the name of the employee and the last four digits of his or her social security number, (8) the name and address of the legal entity of the employer, and (9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee.

63. Throughout Plaintiff's employment, Defendants never provided a wage statement that accurately reflected the total hours worked, gross wages earned, deductions from wages, or net wages earned as required by Labor Code § 226(a)(1), (a)(2), (a)(4), and (a)(5), respectively.

64. Plaintiff is informed and believes and based thereon alleges that Defendants knowingly and willfully failed to provide Plaintiff accurate itemized wage statements.

65. As a direct, foreseeable and proximate result of Defendants' failure to provide accurate itemized wage statements, Plaintiff suffered substantial losses related to the use and enjoyment of unpaid wages and deductions that were not reflected in the wage statement, lost interest on such wages, and incurred and will incur expenses and attorneys' fees in seeking to compel Defendants to perform their obligations under state law, all to his damage in amounts according to proof at the time of trial.

66. Plaintiff is thus entitled to recover actual damages in the amount of wages unaccounted for and interest thereon, injunctive relief requiring Defendants to provide an accurate accounting of hours worked, gross wages earned, deductions, and net wages earned to Plaintiff,

attorneys' fees, and costs of suit in amounts according to proof at the time of trial and by the Court following trial.

WHEREFORE, Plaintiff prays for relief as set forth herein.

**FIFTH CAUSE OF ACTION**
**FAILURE TO REIMBURSE EXPENSES**
(Lab. Code §§ 558.1, 2802)
(Against all Defendants)

67. Pursuant to California Labor Code § 2802, an employer must reimburse employees for all necessary expenditures or losses incurred by the employee in direct consequence of the discharge of his or her duties, or of his or her obedience to the directions of the employer, including all reasonable costs and attorneys' fees incurred by the employee.

68. Plaintiff expended money at the direction of Defendants and in direct consequence of the discharge of his duties by purchasing the truck he used for deliveries, purchasing the gas required to run the truck, and purchasing liability insurance for the vehicle.

69. Plaintiff expended money at the direction of Defendants and in direct consequence of the discharge of his duties by paying one-half of the cost of painting and installing decals on his truck, by purchasing and paying Defendants to maintain his uniforms, by paying Defendants a weekly fleetwash fee, and by purchasing and paying for a service plan for the cellphone required by Defendants.

70. Plaintiff incurred losses in direct consequence of the discharge of his duties through Defendants' requirement that Plaintiff pay up to $1,000.00 for each and every breakage claimed by Defendants' customers when Plaintiff was the delivery driver.

71. Defendants willfully failed to reimburse Plaintiff for money expended or losses incurred in direct consequence of the discharge of his duties or obedience to the directions of Defendants.

72. As a direct, foreseeable and proximate result of Defendants' failure to reimburse amounts expended in direct consequence of his duties or obedience to Defendants' directions, Plaintiff suffered substantial losses related to the use and enjoyment of such moneys, lost interest on such moneys, and incurred and will incur expenses and attorneys' fees in seeking to compel

Defendants to perform their obligations under state law, all to his damage in amounts according to proof at the time of trial.

73. Plaintiff is thus entitled to recover all unreimbursed expenses, interest, attorneys' fees, and costs of suit in amounts according to proof at the time of trial and by the Court following trial.

WHEREFORE, Plaintiff prays for relief as set forth herein.

**SIXTH CAUSE OF ACTION**
**FAILURE TO PROVIDE REST PERIODS**
(Lab. Code §§ 226.7, 558.1, 1198; Wage Order No. 9-2001)
(Against all Defendants)

74. Pursuant to California Labor Code § 226.7 and Industrial Welfare Commission Wage Order No. 9-2001, Defendants were required to provide periods of rest to Plaintiff.

75. Employers are required to provide one paid 10-minute rest period for each four (4) consecutive hours or major fraction thereof worked by an employee. For each day in which a rest period is not provided to an employee, employers are required to pay the employee one additional hour of wages at the employee's regular hourly rate.

76. Plaintiff was a non-exempt employee entitled to the protections of California Labor Code §§ 226.7 and 1198, and Wage Order No. 9-2001.

77. During the course of Plaintiff's employment, Defendants required Plaintiff to work through his 10-minute rest periods in violation of California Labor Code §§ 226.7 and 1198, and Wage Order No. 9-2001.

78. During the course of Plaintiff's employment, Defendants failed to pay Plaintiff an extra hour of wages at his regular hourly rate for each day in which he was prevented from taking a rest period.

79. Defendants knowingly and willfully refused to perform their obligations to provide required rest periods to Plaintiff and failed to compensate Plaintiff for the rest periods that were not provided to him.

80. As a direct, foreseeable and proximate result of Defendants' failure to provide rest periods and failure to compensate Plaintiff for missed rest periods, Plaintiff suffered substantial losses related to the use and enjoyment of such wages, lost interest on such wages, and incurred and

will incur expenses in seeking to compel Defendants to perform their obligations under state law, all to his damage in amounts according to proof at the time of trial.

81. Plaintiff is thus entitled to recover all unpaid premium wages, interest thereon, and costs of suit in amounts according to proof at the time of trial and by the Court following trial.

WHEREFORE, Plaintiff prays for relief as set forth herein.

**SEVENTH CAUSE OF ACTION**
**FAILURE TO PROVIDE REQUIRED MEAL PERIODS**
(Lab. Code §§ 226.7, 512, 558.1, 1198; Wage Order No. 9-2001)
(Against all Defendants)

82. Pursuant to California Labor Code §§ 226.7 and 512, and Industrial Welfare Commission Wage Order No. 9-2001, Defendants were required to provide meal periods to Plaintiff.

83. Employers are required to provide an uninterrupted 30-minute meal period for each five-hour period worked by an employee. For each day in which a meal period is not provided to an employee, employers are required to pay the employee one additional hour of wages at the employee's regular hourly rate.

84. Plaintiff was a non-exempt employee entitled to the protections of California Labor Code §§ 226.7, 512, and 1198, and Wage Order No. 9-2001.

85. During the course of Plaintiff's employment, Defendants prevented Plaintiff from taking the required 30-minute meal period, required Plaintiff to work through them, and failed to provide Plaintiff the opportunity to take meal periods as required under California Labor Code §§ 226.7, 512, and 1198, and Wage Order No. 9-2001.

86. During the course of Plaintiff's employment, Defendants failed to compensate Plaintiff with an extra hour of wages at his regular rate of pay for each day in which he was not permitted to take a meal period.

87. Defendants have knowingly and willfully refused to perform their obligations to provide required meal periods to Plaintiff and failed to compensate Plaintiff for the meal periods that were not provided to him.

88. As a direct, foreseeable and proximate result of Defendants' failure to provide meal periods and failure to provide compensation for missed meal periods, Plaintiff suffered substantial

losses related to the use and enjoyment of such wages, lost interest on such wages, and incurred and will incur expenses in seeking to compel Defendants to perform their obligations under state law, all to his damage in amounts according to proof at the time of trial.

89. Plaintiff is thus entitled to recover all unpaid premium wages, interest thereon, and costs of suit in amounts according to proof at the time of trial and by the Court following trial.

WHEREFORE, Plaintiff prays for relief as set forth herein.

**EIGHTH CAUSE OF ACTION**
**FAILURE TO PAY ALL WAGES EARNED AND DUE AT SEPARATION**
(Lab. Code §§ 201, 202, 203, 218, 218.5, 218.6, 558.1)
(Against all Defendants)

90. Pursuant to California Labor Code § 201, an employer must pay all wages earned and unpaid immediately upon separation when an employer discharges an employee.

91. Pursuant to California Labor Code § 202, an employer must pay all wages earned and unpaid immediately upon separation when an employee voluntarily separates from the employment and provides the employer notice of at least 72 hours.

92. Pursuant to California Labor Code § 203, when an employer willfully fails to provide earned and due wages to an employee who is discharged or quits, the wages of the employee shall continue as a penalty from the due date thereof at the same rate until paid for a period not to exceed 30 days.

93. At the time of his separation in April 2018, Plaintiff was owed payment for regular and overtime hours worked for which he was not paid.

94. At the time of his separation in April 2018 and continuing through the present date, Plaintiff had not and has not been compensated for all wages earned and due to him.

95. Plaintiff is informed and believes and based thereon alleges that Defendants willfully failed to pay Plaintiff all wages earned and due to him at the time of his separation from employment and thereby seeks compensation for unpaid wages and statutory penalties pursuant to Labor Code § 203.

////

96. As a direct, foreseeable and proximate result of Defendants' failure to pay wages in a timely manner, Plaintiff has suffered substantial losses related to the use and enjoyment of such wages and penalties, lost interest on such wages and penalties, and incurred and will incur expenses in seeking to compel Defendants to perform their obligations under state law, all to his damage in amounts according to proof at time of trial.

97. Plaintiff is thus entitled to recover statutory penalties equivalent to 30 days of Plaintiff's regular wages as well as attorneys' fees, and costs of suit in amounts according to proof at the time of trial and by the Court following trial.

WHEREFORE, Plaintiff prays for relief as set forth herein.

**NINTH CAUSE OF ACTION**
**UNFAIR COMPETITION**
(Bus. & Prof. Code § 17200, *et seq.*)
(Against CEVA Defendants and DOES 1 – 20)

98. Pursuant to Business and Professions Code § 17200, *et seq.*, it is unlawful for an entity to engage in unlawful, unfair, or fraudulent business activities.

99. In violation of Business and Professions Code § 17200, Defendants committed acts of unfair competition by engaging in the regular and customary practice of failing to compensate Plaintiff for all non-overtime hours worked at the legally required minimum wage, in violation of Labor Code §§ 1194, 1197, 1198, and Wage Order No. 9-2001.

100. In violation of Business and Professions Code § 17200, Defendants committed acts of unfair competition by engaging in the regular and customary practice of failing to compensate Plaintiff for all overtime hours worked at the legally required overtime rate, in violation of Labor Code §§ 510, 1194, 1197, 1198, and Wage Order No. 9-2001.

101. In violation of Business and Professions Code § 17200, Defendants committed acts of unfair competition by engaging in the regular and customary practice of wrongfully collecting or receiving Plaintiff's wages, in violation of Labor Code § 221.

102. In violation of Business and Professions Code § 17200, Defendants committed acts of unfair competition by engaging in the regular and customary practice of failing to provide accurate

itemized wage statements to Plaintiff reflecting the total hours worked, gross hourly and commission wages earned, deductions, and net wages earned, in violation of Labor Code § 226.

103. In violation of Business and Professions Code § 17200, Defendants committed acts of unfair competition by engaging in the regular and customary practice of failing to reimburse Plaintiff for necessary business expenses and losses, in violation of Labor Code § 2802.

104. In violation of Business and Professions Code § 17200, Defendants committed acts of unfair competition by engaging in the regular and customary practice of failing to provide a 10-minute rest period for each four (4) hours, or major fraction thereof, worked by Plaintiff, in violation of Labor Code §§ 226.7 and 1198, and Wage Order No. 9-2001.

105. In violation of Business and Professions Code § 17200, Defendants committed acts of unfair competition by engaging in the regular and customary practice of failing to provide an uninterrupted, 30-minute meal period for each five (5) hours worked by Plaintiff, in violation of Labor Code §§ 226.7, 512, and 1198, Wage Order No. 9-2001.

106. In violation of Business and Professions Code § 17200, Defendants committed acts of unfair competition by failing to pay Plaintiff all wages earned and due at the time of separation in violation of Labor Code §§ 201 and/or 202.

107. Defendants' policy and practice of failing to compensate employees for all regular and overtime hours worked, of wrongfully collecting and receiving wages, of failing to provide accurate wage statements, of failing to reimburse for expenses, of failing to provide meal and rest periods, and of failing to pay all wages due at the time of separation violates numerous provisions of the Labor Code and therefore constitutes an unlawful business act or practice within the meaning of Business and Professions Code § 17200.

108. As described herein, Plaintiff has suffered injury in fact and has lost money or property as a result of Defendants' unlawful practices. Defendants have withheld and continue to withhold wages and reimbursements from Plaintiff and have refused and continue to refuse to compensate Plaintiff for amounts owed and due to Plaintiff, including interest thereon.

109. Plaintiff is entitled to equitable and injunctive relief, including full restitution and disgorgement of all moneys that have been unlawfully withheld from Plaintiff through the acts and practices described herein and costs of suit in amounts to be determined by the Court following trial.

WHEREFORE, Plaintiff prays for relief as set forth herein.

**PRAYER**

WHEREFORE, Plaintiff prays that judgment be entered against Defendants and each of them, for:

1. Actual and liquidated damages in amounts according to proof or as required by statute;
2. Reimbursement of wages wrongfully collected or otherwise obtained by Defendants;
3. Statutory fines and penalties as provided by law;
4. An order requiring Defendants to provide Plaintiff with an accounting of the hours he worked and wages he earned during the relevant time period pursuant to Labor Code § 226;
5. Declaratory relief that the violations alleged herein constitute unfair competition in violation of California's Unfair Competition Law;
6. Restitution and disgorgement of all profits wrongfully obtained by Defendants as a result of the illegal practices described herein;
7. Prejudgment and post-judgment interest at the maximum legal rate;
8. Costs of suit;
9. Attorneys' fees;
10. Such other and further relief as the Court deems fair and just.

Dated: June 14, 2018

SEIBERT • BAUTISTA • MONTOYA

Shannon Seibert
Attorneys for Plaintiff

**JURY TRIAL DEMANDED**

Plaintiff hereby demands a jury trial as to all issues to which he is so entitled.

Dated: June 14, 2018

SEIBERT • BAUTISTA • MONTOYA

Shannon Seibert
Attorneys for Plaintiff

Seibert, Bautista Montoya
Attn: Seibert, Shannon
2100 Embarcadero
Ste 203
San Francisco, CA 94606

## Superior Court of California, County of Alameda

| | |
|---|---|
| Weldeab<br>**Plaintiff/Petitioner(s)**<br>vs.<br>Ceva Logistics, LLC<br>**Defendant/Respondent(s)**<br>(Abbreviated Title) | No. RG18908799<br>**NOTICE OF CASE MANAGEMENT CONFERENCE AND ORDER**<br>Unlimited Jurisdiction |

TO ALL PARTIES AND TO THEIR ATTORNEYS OF RECORD:
Notice is given that a Case Management Conference has been scheduled as follows:

| | | |
|---|---|---|
| Date: **11/01/2018**<br>Time: **09:00 AM** | Department: **16**<br>Location: **Administration Building**<br>**Third Floor**<br>**1221 Oak Street, Oakland CA 94612**<br>Internet: **www.alameda.courts.ca.gov** | Judge: **Michael M. Markman**<br>Clerk: **Ana Liza Tumonong**<br>Clerk telephone: **(510) 267-6932**<br>E-mail: **Dept16@alameda.courts.ca.gov**<br>Fax: |

**ORDERS**

1. **Plaintiff** must:

   a. **Serve** all named defendants and file proofs of service on those defendants with the court within 60 days of the filing of the complaint (Cal. Rules of Court, 3.110(b)); and

   b. **Give notice** of this conference to all other parties and file proof of service.

2. **Defendant must** respond as stated on the summons.

3. **All parties who have appeared before the date of the conference** must:

   a. **Meet and confer**, in person or by telephone as required by Cal. Rules of Court, rule 3.724;

   b. **File and serve** a completed *Case Management Statement* on Form CM-110 at least **15** days before the Case Management Conference (Cal. Rules of Court, rule 3.725); and

   c. **Post jury fees** as required by Code of Civil Procedure section 631.

4. If you do not follow the orders above, the court may issue an order to show cause why you should not be sanctioned under Cal. Rules of Court, rule 2.30. Sanctions may include monetary sanctions, striking pleadings or dismissal of the action.

5. You are further ordered to appear in person or through your attorney of record at the Case Management Conference noticed above. You must be thoroughly familiar with the case and fully authorized to proceed. You may be able to appear at Case Management Conferences by telephone. Contact CourtCall, an independent vendor, at least three business days before the scheduled conference. Call 1-888-882-6878, or fax a service request to (888) 882-2946. The vendor charges for this service.

6. You may file *Case Management Conference Statements* by E-Delivery. Submit them directly to the E-Delivery Fax Number (510) 267-5732. No fee is charged for this service. For further information, go to *www.alameda.courts.ca.gov/ff*.

7. The judge may place a *Tentative Case Management Order* in your case's on-line register of actions before the conference. This order may establish a discovery schedule, set a trial date or refer the case to Alternate Dispute Resolution, such as mediation or arbitration. Check the website of each assigned department for procedures regarding tentative case management orders at *www.alameda.courts.ca.gov/dc*.

**CLERK'S CERTIFICATE OF MAILING**

I certify that the following is true and correct: I am the clerk of the above-named court and not a party to this cause. I served this Notice of Hearing by placing copies in envelopes addressed as shown hereon and then by sealing and placing them for collection, stamping or metering with prepaid postage, and mailing on the date stated below, in the United States mail at Alameda County, California, following standard court practices.

Executed on 06/18/2018.

By Michelle Bank
Digital
Deputy Clerk

## *Superior Court of California, County of Alameda*



## *Notice of Assignment of Judge for All Purposes*

Case Number: RG18908799
Case Title: Weldeab VS Ceva Logistics, LLC
Date of Filing: 06/14/2018

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

**Pursuant to Rule 3.734 of the California Rules of Court and Title 3 Chapter 2 of the Local Rules of the Superior Court of California, County of Alameda, this action is hereby assigned by the Presiding Judge for all purposes to:**

| | |
|---|---|
| **Judge:** | **Michael M. Markman** |
| **Department:** | **16** |
| **Address:** | **Administration Building<br>1221 Oak Street<br>Oakland CA 94612** |
| **Phone Number:** | **(510) 267-6932** |
| **Fax Number:** | |
| **Email Address:** | **Dept16@alameda.courts.ca.gov** |

Under direct calendaring, this case is assigned to a single judge for all purposes including trial.

**Please note: In this case, any challenge pursuant to Code of Civil Procedure section 170.6 must be exercised within the time period provided by law. (See Code Civ. Proc. §§ 170.6, subd. (a)(2) and 1013.)**

**NOTICE OF NONAVAILABILITY OF COURT REPORTERS:** Effective June 4, 2012, the court will not provide a court reporter for civil law and motion hearings, any other hearing or trial in civil departments, or any afternoon hearing in Department 201 (probate). Parties may arrange and pay for the attendance of a certified shorthand reporter. In limited jurisdiction cases, parties may request electronic recording.

Amended Local Rule 3.95 states: "Except as otherwise required by law, in general civil case and probate departments, the services of an official court reporter are not normally available. For civil trials, each party must serve and file a statement before the trial date indicating whether the party requests the presence of an official court reporter."

IT IS THE DUTY OF EACH PLAINTIFF AND CROSS COMPLAINANT TO SERVE A COPY OF THIS NOTICE IN ACCORDANCE WITH LOCAL RULES.

**General Procedures**

Following assignment of a civil case to a specific department, all pleadings, papers, forms, documents and writings can be submitted for filing at either Civil Clerk's Office, located at the René C. Davidson Courthouse, Room 109, 1225 Fallon Street, Oakland, California, 94612, and the Hayward Hall of Justice, 24405 Amador Street, Hayward, California, 94544. All documents, with the exception of the original summons and the original civil complaint, shall have clearly typed on the face page of each document, under the case number, the following:

ASSIGNED FOR ALL PURPOSES TO
JUDGE Michael M. Markman
DEPARTMENT 16

All parties are expected to know and comply with the Local Rules of this Court, which are available on the Court's website at: http://www.alameda.courts.ca.gov/Pages.aspx/Local-Rules(1) and with the California Rules of Court, which are available at www.courtinfo.ca.gov.

Parties must meet and confer to discuss the effective use of mediation or other alternative dispute processes (ADR) prior to the Initial Case Management Conference. The court encourages parties to file a "Stipulation to Attend ADR and Delay Initial Case Management Conference for 90 Days". Plaintiff received that form in the ADR information package at the time the complaint was filed. The court's Web site also contains this form and other ADR information. If the parties do not stipulate to attend ADR, the parties must be prepared to discuss referral to ADR at the Initial Case Management Conference.

Courtesy copies of all law and motion papers filed with the Court are to be delivered directly to Department 16.

Tentative rulings for case management conferences can be viewed in the Register of Actions. The tentative ruling will become the order of the court if there is no appearance by any party. Any party submitting to a tentative ruling should contact all other parties before not appearing.

**Schedule for Department 16**

The following scheduling information is subject to change at any time, without notice. Please contact the department at the phone number or email address noted above if you have questions.

- Trials generally are held: Trials commence with Pretrial Conferences held Friday from 9:00 a. m. to 12:00 p.m. Trials are generally held Monday through Thursday from 9:30 a.m. to 12 p.m. and 1:30 p.m. to 4:20 p.m.
- Case Management Conferences are held: Initial Case Management Conferences: Monday, Wednesday and Thursday at 9:00 a.m. Case Management Conference Continuances: Monday through Thursday at 9:00 a.m.
- Law and Motion matters are heard: Tuesday at 9:00 a.m. Reservations are required
- Settlement Conferences are heard: When specially set by the department.
- Ex Parte matters are heard: Monday through Thursday at 9:00 a.m. Reservations are required.

**Law and Motion Procedures**

To obtain a hearing date for a Law and Motion or ex parte matter, parties must contact the department as follows:

- Motion Reservations
  Email: Dept16@alameda.courts.ca.gov

- Ex Parte Matters
  Email: Dept16@alameda.courts.ca.gov

**Tentative Rulings**

The court may issue tentative rulings in accordance with the Local Rules. Tentative rulings will become the Court's order unless contested in accordance with the Local Rules. Tentative rulings will be available at:

- Website: www.alameda.courts.ca.gov/domainweb, Calendar Information for Dept. 16
- Phone: 1-866-223-2244

Dated: 06/15/2018

Facsimile

Presiding Judge,
Superior Court of California, County of Alameda

**CLERK'S CERTIFICATE OF MAILING**

I certify that the following is true and correct: I am the clerk of the above-named court and not a party to this cause. I served this Notice by placing copies in envelopes addressed as shown on the attached Notice of Initial Case Management Conference and then by sealing and placing them for collection, stamping or metering with prepaid postage, and mailing on the date stated below, in the United States mail at Alameda County, California, following standard court practices.

Executed on 06/18/2018

By Digital
Deputy Clerk

POS-015

ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): Shannon Seibert SBN 240317; Joe Bautista SBN 255708
Seibert Bautista Montoya
2100 Embarcadero, Suite 203, Oakland CA 94606
TELEPHONE NO.: 510.679-1981 FAX NO. (Optional): 510.679.1982
E-MAIL ADDRESS (Optional):
ATTORNEY FOR (Name): Plaintiff Taame Waldeab

FOR COURT USE ONLY

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Alameda
STREET ADDRESS: 1225 Fallon Street
MAILING ADDRESS:
CITY AND ZIP CODE: Oakland, CA 94612
BRANCH NAME: Rene C. Davidson Courthouse

PLAINTIFF/PETITIONER: Taame Waldeab

DEFENDANT/RESPONDENT: CEVA Logistics, LLC, et al.

**NOTICE AND ACKNOWLEDGMENT OF RECEIPT—CIVIL**

CASE NUMBER: RG18908799

TO *(insert name of party being served)*: CEVA Logistics, LLC

**NOTICE**

The summons and other documents identified below are being served pursuant to section 415.30 of the California Code of Civil Procedure. Your failure to complete this form and return it within 20 days from the date of mailing shown below may subject you (or the party on whose behalf you are being served) to liability for the payment of any expenses incurred in serving a summons on you in any other manner permitted by law.

If you are being served on behalf of a corporation, an unincorporated association (including a partnership), or other entity, this form must be signed by you in the name of such entity or by a person authorized to receive service of process on behalf of such entity. In all other cases, this form must be signed by you personally or by a person authorized by you to acknowledge receipt of summons. If you return this form to the sender, service of a summons is deemed complete on the day you sign the acknowledgment of receipt below.

Date of mailing: 07/26/18

Joe Bautista
(TYPE OR PRINT NAME)

(SIGNATURE OF SENDER—MUST NOT BE A PARTY IN THIS CASE)

**ACKNOWLEDGMENT OF RECEIPT**

This acknowledges receipt of ***(to be completed by sender before mailing)***:

1. [✓] A copy of the summons and of the complaint.
2. [✓] Other *(specify)*:

Civil Case Cover Sheet; Summons; Complaint; Addendum to Civil Case Cover Sheet; Notice of Case Management Conference and Order; Notice of Assignment of Judge for All Purposes

***(To be completed by recipient):***

Date this form is signed:

(TYPE OR PRINT YOUR NAME AND NAME OF ENTITY, IF ANY, ON WHOSE BEHALF THIS FORM IS SIGNED)

(SIGNATURE OF PERSON ACKNOWLEDGING RECEIPT, WITH TITLE IF ACKNOWLEDGMENT IS MADE ON BEHALF OF ANOTHER PERSON OR ENTITY)

POS-015

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): Shannon Seibert SBN 240317; Joe Bautista SBN 255708<br>Seibert Bautista Montoya<br>2100 Embarcadero, Suite 203, Oakland CA 94606<br>TELEPHONE NO.: 510.679-1981 FAX NO. (Optional): 510.679.1982<br>E-MAIL ADDRESS (Optional):<br>ATTORNEY FOR (Name): Plaintiff Taame Waldeab | FOR COURT USE ONLY |
|---|---|
| SUPERIOR COURT OF CALIFORNIA, COUNTY OF Alameda<br>STREET ADDRESS: 1225 Fallon Street<br>MAILING ADDRESS:<br>CITY AND ZIP CODE: Oakland, CA 94612<br>BRANCH NAME: Rene C. Davidson Courthouse | |
| PLAINTIFF/PETITIONER: Taame Waldeab<br>DEFENDANT/RESPONDENT: CEVA Logistics, LLC, et al. | |
| **NOTICE AND ACKNOWLEDGMENT OF RECEIPT—CIVIL** | CASE NUMBER: RG18908799 |

TO *(insert name of party being served)*: CEVA Logistics, LLC

**NOTICE**

The summons and other documents identified below are being served pursuant to section 415.30 of the California Code of Civil Procedure. Your failure to complete this form and return it within 20 days from the date of mailing shown below may subject you (or the party on whose behalf you are being served) to liability for the payment of any expenses incurred in serving a summons on you in any other manner permitted by law.

If you are being served on behalf of a corporation, an unincorporated association (including a partnership), or other entity, this form must be signed by you in the name of such entity or by a person authorized to receive service of process on behalf of such entity. In all other cases, this form must be signed by you personally or by a person authorized by you to acknowledge receipt of summons. If you return this form to the sender, service of a summons is deemed complete on the day you sign the acknowledgment of receipt below.

Date of mailing: 07/26/18

Joe Bautista
(TYPE OR PRINT NAME)

▶ [signature]
(SIGNATURE OF SENDER—MUST NOT BE A PARTY IN THIS CASE)

**ACKNOWLEDGMENT OF RECEIPT**

This acknowledges receipt of ***(to be completed by sender before mailing)***:

1. [✓] A copy of the summons and of the complaint.
2. [✓] Other *(specify)*:

Civil Case Cover Sheet; Summons; Complaint; Addendum to Civil Case Cover Sheet; Notice of Case Management Conference and Order; Notice of Assignment of Judge for All Purposes

***(To be completed by recipient):***

Date this form is signed:

(TYPE OR PRINT YOUR NAME AND NAME OF ENTITY, IF ANY, ON WHOSE BEHALF THIS FORM IS SIGNED)

▶
(SIGNATURE OF PERSON ACKNOWLEDGING RECEIPT, WITH TITLE IF ACKNOWLEDGMENT IS MADE ON BEHALF OF ANOTHER PERSON OR ENTITY)

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
POS-015 [Rev. January 1, 2005]

NOTICE AND ACKNOWLEDGMENT OF RECEIPT — CIVIL

Code of Civil Procedure, §§ 415.30, 417.10
www.courtinfo.ca.gov

# EXHIBIT B

Fraser A. McAlpine (State Bar No. 248554)
Conor J. Dale (State Bar No. 274123)
Nicole E. Forde (State Bar No. 289567)
JACKSON LEWIS P.C.
50 California Street, 9th Floor
San Francisco, California 94111-4615
Telephone: (415) 394-9400
Facsimile: (415) 394-9401
E-mail: fraser.mcalpine@jacksonlewis.com
E-mail: conor.dale@jacksonlewis.com
E-mail: nicole.forde@jacksonlewis.com

Attorneys for Defendants
CEVA LOGISTICS, LLC, CEVA FREIGHT, LLC and RHONDA BATEMAN

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF ALAMEDA

| | |
|---|---|
| TAAME WELDEAB,<br><br>Plaintiff,<br><br>vs.<br><br>CEVA LOGISTICS, LLC; CEVA FREIGHT, LLC; RHONDA BATEMAN; and DOES 1 through 20, inclusive,<br><br>Defendants. | Case No. RG18908799<br><br>ASSIGNED FOR ALL PURPOSES TO JUDGE Michael M. Markman DEPARTMENT 16<br><br>**DEFENDANTS' ANSWER TO PLAINTIFF'S UNVERIFIED COMPLAINT**<br><br>Complaint Filed: 6/14/2018<br>Trial Date: None Set |

Defendants CEVA LOGISTICS, LLC, CEVA FREIGHT, LLC and RHONDA BATEMAN (collectively "Defendants") hereby answer the unverified Complaint filed by Plaintiff TAAME WELDEAB ("Plaintiff") as follows:

**GENERAL DENIAL**

Pursuant to Section 431.30(d) of the California Code of Civil Procedure, Defendants deny, generally and specifically, each and every allegation in the Complaint. Defendants further deny, generally and specifically, that Plaintiff has been injured in any sum therein alleged, and that Plaintiff is entitled to damages or any other relief whatsoever by reason of any act or omission on the part of Defendants.

///

Without waiving or excusing the burden of proof of Plaintiff, or admitting that Defendants have any burden of proof, Defendants hereby asserts the following affirmative and other defenses:

**FIRST AFFIRMATIVE DEFENSE**

(Independent Contractor Status)

1. All of Plaintiff's claims are barred because he was an independent contractor, and therefore was not an "employee" subject to the Labor Code sections forming the basis for Plaintiff's Complaint.

**SECOND AFFIRMATIVE DEFENSE**

(Failure to State a Cause of Action– Claims Against Rhonda Bateman)

2. Even if the allegations of Plaintiff's Complaint are true (which Defendants deny), Plaintiff's claims fail to state a cause of action against Defendant Rhonda Bateman.

**THIRD AFFIRMATIVE DEFENSE**

(Failure to State a Cause of Action– Vehicle Acquisition Costs)

3. Even if the allegations of Plaintiff's Complaint are true (which Defendants deny), Plaintiff's claims set forth in Paragraph 68 of the Complaint fail to state a cause of action to the extent that Plaintiff seeks reimbursement of business expenses associated with the lease or purchase of a vehicle.

**FOURTH AFFIRMATIVE DEFENSE**

(TILA preemption – Wrongful deduction Claims)

4. Plaintiff's claims alleging wrongful deductions set forth in his Third Cause of Action are preempted by the Truth in Leasing Act.

**FIFTH AFFIRMATIVE DEFENSE**

(TILA preemption – Reimbursement Claims)

5. Plaintiff's claims for reimbursement of expenses set forth in his Fifth Cause of Action are preempted by the Truth in Leasing Act.

///

///

**SIXTH AFFIRMATIVE DEFENSE**

(Lack of Knowledge)

6. Plaintiff's first cause of action and resulting claim for prejudgment interest is barred as a matter of law because Defendants did not know nor had a reason to know that a reimbursable expense had arisen.

**SEVENTH AFFIRMATIVE DEFENSE**

(FAAAA Preemption)

7. Plaintiff's fourth and eighth causes of action for violation of Labor Code §§ 226.7 and 512 are preempted by the Federal Aviation Administration Authorization Act ("FAAAA"), codified at 49 U.S.C. § 14501(c).

**EIGHTH AFFIRMATIVE DEFENSE**

(Offset)

8. Plaintiff is barred from recovering any damages for lost wages or expenses, or any recovery for lost wages or expenses must be offset or reduced, if and to the extent Defendants have already compensated him in excess of what was required by law, or Defendants are entitled to a setoff for amounts Plaintiff owes Defendants for receipt of any wages or other benefits to which he was not entitled or did not earn.

**NINTH AFFIRMATIVE DEFENSE**

(Statutory Bar)

9. Labor Code § 226(e) bars Plaintiff's sixth cause of action because no "knowing and intentional" failure to comply with Labor Code § 226(a) occurred.

**TENTH AFFIRMATIVE DEFENSE**

(Voluntary Waiver of Meal and Rest Breaks)

10. Plaintiff's fourth and eighth causes of action for violation of Labor Code §§ 226.7, 512, and 1194 are barred to the extent Defendants provided required meal and rest breaks in compliance with all California requirements and Plaintiff voluntarily waived or elected not to exercise his right to take the meal or rest breaks as provided.

///

**ELEVENTH AFFIRMATIVE DEFENSE**

(Statute of Limitations)

11. Plaintiff is barred from recovering liquidated damages for his fifth cause of action by the applicable statute of limitations.

**TWELFTH AFFIRMATIVE DEFENSE**

(Statute of Limitations)

12. Plaintiff is barred from recovering civil penalties for each and every cause of action by the applicable statute of limitations.

**THIRTEENTH AFFIRMATIVE DEFENSE**

(Integral Activities)

13. All activities related to alleged uncompensated waiting time, "show up" time, and time spent in company meetings constitute activities which are integral to the principal activities for which Plaintiff was employed to perform, and are not separately compensable.

**FOURTEEN AFFIRMATIVE DEFENSE**

(Good Faith)

14. California Code of Regulations Title 8 § 13520(a) bars recovery under Plaintiff's ninth cause of action because Defendants' dispute and have disputed in good faith Plaintiff's entitlement to wages claimed unpaid at termination of employment.

**FIFTEENTH AFFIRMATIVE DEFENSE**

(Lack of Standing Under Business and Professions Code §§ 17200 *et seq.*)

15. Plaintiff's tenth cause of action is barred to the extent Plaintiff lacks standing to sue pursuant to Business and Professions Code § 17200 *et seq.* because Plaintiff has not demonstrated that he is a person who has suffered injury in fact and have lost money or property as a result of unfair competition.

**SIXTEENTH AFFIRMATIVE DEFENSE**

(Additional Affirmative Defenses)

16. Defendants presently have insufficient knowledge or information on which to form a belief as to whether they may have additional, as yet unstated, affirmative defenses available.

**OTHER DEFENSES**

Defendants may have additional defenses that cannot be articulated at this time. Defendants therefore do not waive any defenses and reserve the right to assert additional defenses.

Dated: August 29, 2018

JACKSON LEWIS P.C.

By: [signature]

Fraser A. McAlpine
Conor J. Dale
Nicole E. Forde
Attorneys for Defendants
CEVA LOGISTICS, LLC, CEVA FREIGHT, LLC and RHONDA BATEMAN

4841-5750-1041, v. 1

5

Defendants' Answer to Plaintiff's Unverified Complaint Case No. RG18908799

**PROOF OF SERVICE**

I, Belinda Vega, declare that I am employed with the law firm of Jackson Lewis P.C., whose address is 50 California Street, 9th Floor, San Francisco, California 94111-4615; I am over the age of eighteen (18) years and am not a party to this action.

On August 29, 2018, I served the attached **DEFENDANTS' ANSWER TO PLAINTIFF'S UNVERIFIED COMPLAINT** in this action by placing a true and correct copy thereof, enclosed in a sealed envelope, and addressed as follows:

| | |
|---|---|
| Shannon M. Seibert, Esq.<br>Joseph I. Bautista, Esq.<br>Nina C. Montoya, Esq.<br>Seibert Bautista Montoya<br>2100 Embarcadero, Ste. 203<br>Oakland, CA 94606-5309<br>Tel.: (510) 679-1981<br>Fax: (510) 679-1982 | Attorneys for Plaintiff<br><br>TAAME WELDEAB |

☒ **BY MAIL**: United States Postal Service by placing sealed envelopes with the postage thereon fully prepaid, placed for collection and mailing on this date, following ordinary business practices, in the United States mail at San Francisco, California. [( ) *Courtesy copy by e-mail/fax.*]

☐ BY HAND DELIVERY: I caused such envelope to be delivered by hand to the above address.

☐ BY OVERNIGHT DELIVERY: I caused such envelope to be delivered to the above address within 24 hours by overnight delivery service.

I declare under penalty of perjury, under the laws of the State of California, that the above is true and correct.

Executed on August 29, 2018, at San Francisco, California.

Belinda Vega

Belinda Vega

4839-3128-8689, v. 1